The STATE of South Dakota, Acting By and Through the DEPARTMENT OF TRANSPORTATION and the South Dakota Transportation Commission, Plaintiff and Appellee,

v.

Lyle O'BRYAN, Lorna O'Bryan, Chuckwagon Cafe, Fred E. Devries, and Zidko Investments Limited, a Nebraska Corporation, Defendants and Appellants.

No. 15482.

Supreme Court of South Dakota.

Considered on Briefs March 23, 1987.

Decided May 27, 1987.

Carl W. Quist, Asst. Atty. Gen., Pierre, for plaintiff and appellee.

Robert A. Sambroak, Jr., Kadoka, for defendants and appellants.

MORGAN, Justice.

Defendant Lyle O'Bryan (O'Bryan) appeals from a judgment ordering a permanent injunction against O'Bryan involving two outdoor advertising signs. We affirm.

State brought an action against O'Bryan seeking an injunction to compel the removal of two outdoor advertising signs owned by O'Bryan. The signs were erected sometime in 1981, after the passage of SDCL 31–29–63 which regulates outdoor advertising signs. Both parties appear to recognize that the signs were erected unlawfully.

O'Bryan presents two issues on appeal. Initially he claims that a permanent injunction was not a necessary and proper remedy since there was an adequate remedy at law available to State. Secondly, O'Bryan claims that the outdoor advertising signs are not public nuisances and thus are not subject to abatement by injunction.

We first consider O'Bryan's argument on the appropriateness of another legal remedy. He correctly notes: "The prerequisite to injunctive relief is the lack of an adequate and complete remedy at law." *Hein v. Marts*, 295 N.W.2d 167, 171 (S.D.1980). He urges that SDCL 31–29–72, which provides for a taking by the state of nonconforming signs and compensation therefore, is the adequate legal remedy available to the state. The statute applies only to signs *lawfully* erected in the state. It is ludicrous to argue that the state should be required to compensate the owner of an *illegally* erected sign before it can be removed. We find the argument to be frivolous and reject it out of hand.

O'Bryan premises his second issue upon the trial court's determination that the signs in question were public nuisances. We need not reach that issue since the signs are illegal under SDCL 31–29–63, which does not require a finding of a public nuisance. The injunction will lie to enforce the provisions of SDCL 31–29–63 and we affirm the judgment ordering the permanent injunction.

All the Justices concur.